# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| United States of America, | ) | |
|---|---|---|
| | ) | Case No: 14 C 10497 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Michael Henley, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the defendant's § 2255 motion (Dkt. # 1) is denied.

## STATEMENT

Michael Henley has filed a motion pursuant to 28 U.S.C. § 2255, asking that his sentence be vacated on the basis of ineffective assistance of counsel, and because his conviction violates the Double Jeopardy Clause of the Fifth Amendment and the Speedy Trial Act. For the reasons stated below, the motion is denied.

On October 9, 2007, Henley pled guilty to a one-count superseding information in the District of South Dakota charging him with possessing with intent to distribute marijuana in South Dakota in violation of 21 U.S.C. § 841(a)(1). Henley was sentenced to 117 months incarceration on that charge. In February 2011, Henley was charged with four counts of distributing crack cocaine in Illinois between February 26, 2006 and April 14, 2006, in violation of 21 U.S.C. § 841(a)(1). On September 8, 2011, Henley pled guilty to distributing five grams or more of crack cocaine. In his plea agreement, Henley agreed to waive his appellate and collateral-attack rights. The relevant portion of the plea agreement states:

> . . . In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by

> statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation, . . . .

(No. 11 CR 155, Plea Agreement, Dkt. # 16, at 14.).

Under § 2255, relief "is available when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

The government asserts that Henley has waived his right to challenge his sentence or conviction pursuant to the waiver quoted above. "It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). However, "[t]he sole type of ineffectiveness claim we have said that a defendant may not waive is an ineffectiveness claim having to do with the waiver (or the plea agreement as a whole) and its negotiation." *United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the

2

*Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

As noted by the Seventh Circuit, a § 2255 movant seeking to invalidate a guilty plea based on purported ineffective assistance of counsel:

> cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim. Rather, he must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards. In other words, he must allege that the plea agreement was the product of ineffective assistance of counsel, or tainted by ineffective assistance of counsel.

*Hurlow*, 726 F.3d 966-67. In order to establish the prejudice prong in the instant context, Henley must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Henley claims that his initial attorney "did not fully advise [him] with adequate assistance and understanding of waivers of [his] rights within the plea agreement." (Def.'s § 2255 Mot., Dkt. # 1, ¶ 23.) According to Henley, his initial counsel "refused to file a motion to withdraw [his] plea of guilt[y], once defendant recognized that . . . constitutional violations affect[ed] defendant['s] rights, as well as the plea agreement." (*Id*.) Henley sent a letter to the Court requesting new counsel. Henley's then-lawyer stated at the hearing on Henley's request for new counsel that Henley wanted to seek to vacate his guilty plea based on a "lack of understanding about some of the conditions or some of the provisions of the plea agreement, which means that he's suggesting that those were not explained to him adequately by counsel." (Case No. 11 CR 155, Dkt. # 75, 9/24/14 Hr'g. Tr., at 2-3.) Agreeing with Henley's counsel's conclusion that he could not seek

3

to vacate the guilty plea based on his own purported ineffectiveness, the Court granted Henley's request for new counsel. (Case No. 11 CR 155, Dkt. # 31.)

As an initial matter, Henley's nonspecific assertion that his first counsel failed to properly advise him "with adequate assistance and understanding of [the] waivers within the plea agreement" is conclusory and unsupported by the record. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005) (unsubstantiated and conclusory statements are insufficient for a petitioner to carry his burden of persuasion in support of an ineffective assistance of counsel claim). *See also Hurlow*, 726 F.3d at 966 (noting that Seventh Circuit has "rejected broad, unsupported assertions of ineffective assistance"). Indeed, Henley's real issue appears to be that his counsel did not challenge a purported violation of the Double Jeopardy Clause based on the South Dakota indictment, and that counsel did not argue that the indictment should be dismissed based on an alleged violation of the Speedy Trial Act. As noted above, however, in order to establish ineffective assistance of counsel with respect to a guilty plea, the defendant "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim." *Hurlow*, 726 F.3d at 966-67. Henley must allege that the plea agreement was the product of or tainted by ineffective assistance of counsel.

In his sur-response, Henley states that "movant does not claim. . . that [he] diid [sic] not understand the waiver. What movant claims is that such waiver was induced by ineffective assistance of counsel." (Movant's Reply Gov't's Sur-Reply, Dkt. # 12, at 1.) Again, not only is this broad statement vague and unsupported by any detail, it also contradicts his assertion in his original § 2255 motion that counsel failed to properly advise him "with adequate assistance and understanding of [the] waivers within the plea agreement." The Court finds Henley's factually

4

unsupported and contradictory statements an insufficient basis on which to hold a hearing on his claim or grant relief.

Henley's claim that he entered into the plea agreement without full knowledge of the consequences of the waivers or that the waivers were induced by ineffective assistance of counsel is further belied by the fact that he still did not seek leave to vacate his guilty plea after receiving new counsel. As noted above, in order to establish the prejudice prong of the test, Henley must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. Not only does Henley fail to state that he would have gone to trial, but even after obtaining new counsel, Henley still did not withdraw his guilty plea and go to trial.

Moreover, the Court notes that prior to pleading guilty, Henley acknowledged to the Court that: (1) he had reviewed the indictment with this attorney; (2) he understood what he was charged with; (3) he was satisfied with the representation that he had received from his then-attorney; (4) he was willing to plead guilty as the result of discussions and negotiations between his attorney and the government; (5) he had reviewed the plea agreement before signing it and understood all of its terms of the agreement; (6) the signed agreement represented the entire understanding and agreement that he had with the government and that no one had offered him any promise or assurance in order to plead guilty; and (7) no one had forced him to plead guilty and he was pleading guilty of his own free will. (Case No. 11 CR 155, Dkt. # 74, 9/2/11 Hr'g. Tr., at 4-6.) Given that a defendant "is normally bound by the representations he makes to a court during the [change of plea] colloquy," *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2011), and that his assertion of ineffective assistance of counsel is otherwise unsupported, the Court has no basis on which to conclude that

Henley's first counsel offered substandard representation. *See United States v. Standiford*, 148 F.3d 864, 869 (7th Cir. 1998) (concluding that ineffective assistance of counsel claim regarding negotiation of plea failed in light of defendant's responses during Rule 11 colloquy and defendant's "self-serving assertions").

Henley argues that his second lawyer provided ineffective assistance of counsel based on "undue influence." Specifically, Henley asserts that he advised his new counsel that he wanted to withdraw his guilty plea and go to trial but counsel "advised Henley . . . not to seek withdrawal of [his] plea" and "promised Defendant he w[ould] receive 92 months to run concurrently with 117 months received in the [South Dakota] case." (Def.'s § 2255 Mot., Dkt. # 1, ¶ 24.) Apparently, Henley decided not to seek to vacate his guilty plea because his lawyer promised he would receive a sentence of 92 months.[1] This allegation of ineffective assistance of counsel does not relate to the negotiation of the plea or waivers, only the sentence he would receive. Therefore, this argument has been waived. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) ("Mason's ineffective assistance of counsel claim relates only to his attorney's performance with respect to sentencing. Because the challenge has nothing to do with the issue of a deficient negotiation of the waiver, Mason has waived his right to seek post-conviction relief.").

Because Henley has waived any collateral challenges to his conviction or sentence, and the waiver was not the result of or tainted by ineffective of counsel, the Court denies Henley's § 2255

---

[1] Defendant received a sentence of 195 months' imprisonment to run concurrently with his South Dakota sentence. (Case No. 11 CR 155, Dkt. # 76, 8/18/14 Hr'g. Tr., at 17.)

motion.


**Date**: August 19, 2015   _____
 **Ronald A. Guzmán**
 **United States District Judge**